**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MINDY DIRIENZO,**

    **Plaintiff,**  Case No.:

vs.

**THE LAW OFFICE OF**
**PATRICK K. ELLIOTT, PLLC, and**
**PATRICK K. ELLIOTT, Individually,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, MINDY DIRIENZO, by and through her undersigned counsel, sues Defendants, THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC, and PATRICK K. ELLIOTT, Individually, and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, MINDY DIRIENZO, hereinafter referred to as "PLAINTIFF," is a resident of Pasco County, Florida.

4. Defendant, THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC, ("LOPE") is a Florida Limited Liability Company, licensed and authorized to conduct business in the State of

Florida and doing business within Hillsborough County.

5. At all times material hereto Defendant, PATRICK K. ELLIOTT, Individually, ("ELLIOTT") was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

6. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

7. Plaintiff regularly engaged in interstate commerce and her work for Defendants directly and vitally related to the functioning of an instrumentality or facility of interstate commerce.

8. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

9. At all times material, Defendants are employers as defined by the laws under which this action is brought.

10. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

11. Defendant, LOPE, is a law practice dedicated to representing employees in labor and employment disputes.

12. Defendant, ELLIOTT, is a Florida licensed attorney dedicated to representing employees in labor and employment disputes.

13. Defendant ELLIOTT is the principal of LOPE and the primary individual decision maker who chose to not pay Plaintiff for any hours worked at all.

14. Defendants advertise themselves out as "Tampa Employment Law Attorney." *See* https://www.employmentandconsumerlaw.com/ (last accessed 10/19/20). They claim that "[t]he firm represents employees who have claims of discrimination, wage and hour disputes, and will even file a class action lawsuit if an unlawful background check was performed on you." *Id.*

15. On or about May 26, 2020, Plaintiff filed a Complaint against Defendants for violations of the Fair Labor Standards Act ("FLSA," 29 U.S.C. §201, *et seq.*) in the United States District Court for the Middle District of Florida. *See Dirienzo v. The Law Office of Patrick K. Elliott, PLLC,* Case. No. 8:20-cv-01197 (M.D. Fla. May 26, 2020) (the "First FLSA lawsuit").

16. In the First FLSA lawsuit, Plaintiff alleged that Defendants failed to pay her minimum wage and the proper overtime premium in violation of the FLSA. *Id.*

17. Prior to filing the First FLSA lawsuit, counsel for Plaintiff sent Defendants a demand letter to resolve this dispute. Defendants failed to respond the letter or otherwise communicate with Plaintiff or Plaintiff's counsel.

18. Shortly after filing the First FLSA lawsuit, Defendants agreed to settle this matter. As a result, the parties filed a notice of Settlement on June 19, 2020.

19. After executing a settlement agreement, the parties filed a Joint Motion For Approval of Settlement Agreement and Dismissal. (The First FLSA lawsuit, Doc. 15). The parties attached a copy of the settlement agreement to the Joint Motion. (The First FLSA lawsuit, Doc. 15-1).

20. Due to Defendants claims of financial distress, Plaintiff agreed to accept the settlement sum in four equal payments. In the settlement agreement, the parties agreed that the Court retain jurisdiction until all payments were made.

21. On August 24, 2020, the Court entered an Order dismissing this case with prejudice.

3

(The First FLSA lawsuit, Doc. 16).

22. Based on assurances from Defendant Patrick K. Elliott, as a member of the Florida Bar similarly focusing on employee rights, that the settlement would be paid as agreed and represented to the Court, the undersigned did not seek immediate relief from the Order dismissing the First FLSA Lawsuit without the Court retaining jurisdiction.

23. Despite continued assurances from Defendant Patrick K. Elliott that the settlement would be paid as agreed, Defendants failed to make the first payment due under the agreement, which was due, at the latest, on October 15, 2020.

24. Moreover, Defendant Patrick K. Elliott has completely ignored the undersigned efforts to communicate with him for several weeks regarding the status of the payments.

25. In dismissing the First FLSA lawsuit, the Court relied on Defendants' representations that they would pay Plaintiff as agreed upon in the Settlement Agreement. Having failed to pay as agreed, there is no settlement of the First FLSA lawsuit.

26. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## BREACH OF CONTRACT

27. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 26.

28. Plaintiff was employed with Defendants from approximately November 2019 to March 2020 as an administrative/intake assistant.

29. As an administrative/intake assistant, Plaintiff agreed to work for an hourly rate.

30. Defendants failed in their contractual duties to pay Plaintiff for any hours worked.

31. The actions of Defendants constitute a breach of the contract between the parties.

32. As a direct and proximate result of the Defendants' breach of the contract, Plaintiff has sustained damages, including but not limited to unpaid wages as contemplated by the agreement between the parties.

33. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

34. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Florida Statute §448.08.

**WHEREFORE**, Plaintiff, MINDY DIRIENZO, prays for judgment against the Defendants for damages as follows:

a. Payment of earned unpaid wages and/or other contractual remuneration;

b. Pre-judgment interest;

c. Post-judgment interest;

d. Attorneys' fees and costs; and

e. For any other relief this court deems just and equitable.

## COUNT II
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 34.

36. Plaintiff's employment provided for a forty (40) hour work week but throughout her respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

37. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half her

5

regular rate of pay for the hours worked over forty (40) in a work week.

38. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

39. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MINDY DIRIENZO, respectfully request all legal and equitable relief allowed by law including:

a. judgment against Defendants for overtime compensation;

b. liquidated damages;

c. prejudgment interest;

d. post-judgment interest;

e. payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

f. equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy; and

g. such other relief as the court may deem just and proper.

## COUNT III
## FAIR LABOR STANDARDS ACT - MINIMUM WAGE

40. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 26.

41. At all times material hereto, Plaintiff, MINDY DIRIENZO, agreed to work for Defendants ELLIOTT and LOPE at an agreed upon hourly rate.

42. Plaintiff was not paid at least minimum wage for all hours worked in each work

6

week.

43. At all times material, Defendants failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage.

44. Defendants' failure to pay Plaintiff the required wage was intentional and willful.

45. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MINDY DIRIENZO, respectfully request all legal and equitable relief allowed by law including:

    a. judgment against Defendants for minimum wage compensation;

    b. liquidated damages;

    c. prejudgment interest;

    d. post-judgment interest;

    c. payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    d. such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

46. Plaintiff requests a jury trial on all issues so triable.

Dated this 2nd day of November 2020.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/ Miguel Bouzas*
        **MIGUEL BOUZAS, ESQUIRE**
        Florida Bar No.: 48943
        miguel@fgbolaw.com
        gina@fgbolaw.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804

wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*